IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                   :

STARCOM WIRELESS, INC.,            :      CASE NO. 04-06601(SEK)

    DEBTOR                         :      CHAPTER 7

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

**FILED & ENTERED**

**JUN 2 0 2005**

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

**OPINION AND ORDER**

There are four related matters pending in this case:

> (1) creditor, SKYLYNX Communications, Inc.'s, ("SkyLynx") notice of cancellation of an agreement and for further order to show cause why the case should not be converted to Chapter 7, filed on May 6, 2005 (d.e. #126);
>
> (2) Debtor's Urgent motion for reconsideration of our order converting the case to Chapter 7 accompanied by an Amended Disclosure Statement (d.e. #135 & 136)
>
> (3) creditor OMR&B's ("Oles Morrison") motion joining Debtor's request for reconsideration (d.e. #139); and,
>
> (4) the Chapter 7 Trustee's Urgent motion for clarification of the case (d.e. #141).

For reasons set forth below we deny the motion for reconsideration, reaffirmiing order converting the case to one under Chapter 7.

The record shows Debtor filed for bankruptcy protection on June 22, 2004. By August of that year, Debtor was trying to obtain authority to use cash collateral which we denied after a hearing, as

2

per our opinion and order entered on August 27, 2004.[1] Debtor then fired its counsel and obtained new representation. It also reached an agreement for use of cash collateral as per a December 2, 2004 motion (d.e. #81) which we approved. This agreement expired on March 1, 2005 and has not been replaced. Eight days later, Debtor filed its first disclosure statement indicating its ability to reorganize and continue operations resulting from SkyLynx's offer described in the document. During the April 7th hearing, Debtor agreed to supplement the information disclosed by May 9th, so that the hearing for approval of the disclosure statement was rescheduled for June 3rd. If the supplement was not filed when ordered, Debtor agreed to a conversion to Chapter 7. When SkyLynx notified the Court it was withdrawing its offer, Debtor then asked 10 day extension indicating plan would be funded from its own corporate revenue, increased by trimming costs, (d.e. #127). We granted the enlargement. Documents were not filed on time, and we vacated the June 3rd hearing, converting the case to Chapter 7. On June 6th , Debtor filed for reconsideration accompanied by an amended disclosure statement.



Debtor argues the case should be reconverted to Chapter 11 as the delay in filing was due to the flooding of its Counsel's Office, impairing his ability to work from May 24 thru the 26th; that reorganization will provide a greater return to creditors than a liquidation; that Debtor has reduced overhead costs to $14,500 per month, while generating monthly revenue of $23,200 produced by its ony

---

[1] The contents of that opinion are incorporated and made part of this ruling.

3

client AMR, leaving $8,700 per month to fund the plan; that it has reached an agreement with AMR where the latter expressed their intent to use Starcom's services for at least another 36 months.  Hence, reorganization is still feasible despite the SKYLYNX pullout.

When SKYLYNX notified the termination of its agreement with the Debtor it reinstated its unanswered motion to convert or dismiss filed on November 1, 2004 (d.e. #77).  There, SKYLYNX argued Debtor does not have the resources or the capacity to produce Starnav units, described as tracking devices mostly used by ambulances, and that this bankruptcy was Starcom's attempt to circumvent the injunction entered by a State Court in Washington prohibiting Debtor from using the software and code programming developed by a third party in the Starnav Units.

While we sympathize with Debtor's Counsel's predicament caused by the flooding, we do not reconsider the reconversion as reorganization is not feasible.  The information provided in the amended disclosure statement has no basis in documents of record.  Results of Debtor's operations as it has reported in the ten monthly reports on file are summarized in Exhibit 1 to this opinion.  These show average monthly receipts of $34,114.36 from June, 2004 through March 2004.  The average of the monthly receipts minus disbursements covering the same period is $6,237.31.  However, receipts were bolstered by Allcom, Inc.'s cash infusions of $76,293,  not to mention the use of Plastrom, Inc.'s cash collateral during this same period.  Hence, from the information produced by the Debtor we cannot verify its allegations

4

that it is generating income of $23,200.[2] Information contained in those same monthly operating reports show the Debtor's average monthly receipts minus disbursements at $6,237.31, well below the $8,700 claimed by Debtor in its amended disclosure statement. There are no monthly reports of operations for April, May of 2005, and no reliable accounting showing a decrease in costs of operations. Furthermore, Debtor has never addressed the problem created by the State injunctive relief forbidding the use of the software and code programming used by its Starnav units. Similarly, Debtor has not produced a contract with AMR for the use of its services.

Hence, even if we were inclined to grant leeway due to the mishap occurring in Debtor's Counsel's office, the information provided by the Debtor does not show it has the financial resources enabling its reorganization.

For these reasons, we deny the motion for reconsideration ordering Debtor to immediately turn over all estate assets with an accounting to the Trustee, and cease operating the business immediately.

**SO ORDERED**, in San Juan, Puerto Rico, on June 20, 2005.

SARA DE JESUS
U.S. Bankruptcy Judge

---

[2] We note Debtor can no longer use Plastrom's cash collateral, and the amended disclosure statement understates the amount of unsecured debt owed by $8million.

**EXHIBIT A**

## SUMMARY OF RECEIPTS OVER DISBURSEMENTS AS THEY APPEAR IN DEBTOR'S OPERATING REPORTS

|  | RECEIPTS | DISBURSEMENTS | RECEIPTS LESS DISBURSEMENTS |
|---|---|---|---|
| June 04 | 22,635.15 | 6,541.53 | $16,093.62 |
| July 04 | 53,467.40 | 27,175.75 | $26,291.65* |
| Aug 04 | 40,020.19 | 42,072.35 | ($2,052.16) |
| Sept 04 | 13,178.95 | 13,051.60 | $127.35** |
| Oct 04 | 85,887.47 | 81,319.16 | $4,568.31*** |
| Nov 04 | 20,769.88 | 38,037.03 | ($17,267.15) |
| Dec 04 | 33,494.68 | 27.726.42 | $33,466.95 |
| Jan 05 | 27,645.76 | 26,555.41 | $1,090.35 |
| Feb 05 | 5,709.04 | 22,412.16 | ($16,703.12) |
| Mar 05 | 38,335.12 | 21,577.82 | $16,757.30 |
| Apr 05 | not filed |  |  |
| May 05 | not filed |  |  |

\* Debtor received a $50,000 investment from Allcom
\*\*Debtor received a $9,000 investment from Allcom
\*\*\*Debtor received a $17,293 investment from Allcom

